IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | 8:15CV173 |
| Petitioner, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA, | ) | |
| Respondent. | ) | |

The court has conducted an initial review of Petitioner Billy Tyler's Petition for Writ of Habeas Corpus (Filing No. 1) brought pursuant to 28 U.S.C. § 2254 to determine whether Tyler's claims are potentially cognizable in federal court. Though Tyler's habeas corpus petition is almost entirely indecipherable, the court can discern that State of Nebraska officials have threatened to arrest Tyler for nonpayment of fines, and he seeks an order from this court enjoining them from placing him in "debtor's prison." Tyler was not incarcerated at the time he filed this action. (*See* Docket Sheet.)

A habeas corpus action "is an attack by a person in custody upon the legality of that custody." *Presier v. Rodriguez*, 411 U.S. 475, 484 (1973). In order to be in custody, there must have been a "significant restraint" on one's liberty. *Russell v. City of Pierre, South Dakota*, 530 F.2d 791, 792 (8th Cir. 1976) (finding a $25 fine was not a significant restraint on one's liberty); *Snelling v. State of Missouri*, 26 F.3d 127 (8th Cir. 1994) (unpublished table decision) (finding a $150 fine was not a significant restraint); *Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003) ("The payment of restitution or a fine, absent more, is not the sort of 'significant restraint on liberty' contemplated in the 'custody' requirement of the federal habeas corpus statutes.").

Here, Tyler does not allege that he is challenging the validity of any conviction, but instead appears to be challenging the state court's prospective ability to confine him for failing to pay a fine. Nothing in the record indicates that Tyler is currently in custody or has been arrested for nonpayment of any fine. A person who is merely threatened with confinement for failing to pay a fine is not "in custody" if the threat of confinement

is "no more than a speculative possibility." *Edmunds v. Won Bae Chang*, 509 F.2d 39, 41 (9th Cir. 1975). The habeas custody requirement "is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Mun. Court, San Jose-Milpitas Judicial Dist., Santa Clara*, 411 U.S. 345, 351 (1973). Because it "is an extraordinary remedy[,] . . . its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which restraints on liberty are neither severe nor immediate." *Id.*

Here, Tyler has failed to allege sufficient facts to demonstrate that he is challenging anything more than the state's ability to confine him in the future, and therefore, his claim is not cognizable in a federal habeas action. Specifically, he fails to demonstrate that "debtor's prison" is a severe or immediate restraint on his liberty. Therefore, the court will dismiss his petition.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the Petition for Writ of Habeas Corpus (Filing No. 1), the court determines that Tyler's claims are not cognizable in a federal court habeas corpus action and his petition is dismissed without prejudice.

2. The court will enter a separate Judgment in accordance with this Memorandum and Order.

DATED this 26th day of August, 2015.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.